UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JESUS PALAFOX-LUGO, | Case No. 2:18-cv-01294-GMN-VCF |
| Petitioner, | |
| v. | ORDER |
| JOSEPH LOMBARDO, | |
| Respondent. | |

This habeas matter under 28 U.S.C. § 2241 comes before the court for initial review under Rule 4 of the Rules Governing Section 2254 Cases.[1] Petitioner, Jesus Palafox-Lugo, seeks relief from this court with respect to a criminal proceeding in the Las Vegas Justice Court for Nevada. According to his allegations, the Clark County Detention Center has refused to comply with an order of the justice court directing the detention center to accept the bail of $25,000.

On initial review, it appears that Palafox-Lugo's petition is barred under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971). He therefore must show cause in writing why the petition should not be dismissed without prejudice.

---

[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) is applicable to proceedings brought pursuant to § 2241. Habeas Rule 1(b).

*Background*

The petition before the court contains the following allegations. Palafox-Lugo is a native and citizen of Mexico. He was arrested by the Las Vegas police on June 27, 2018, and subsequently charged by the Clark County District Attorney with violations of Nevada Revised Statutes §§ 453.401 and 453.3385.3 (sections of the Uniform Controlled Substances Act). On June 28, 2018, the state justice court set his bail at $25,000, allowing him to post this bail by way of cash or surety.

After a source hearing on July 13, 2018, the justice court ordered that the Clark County Detention Center accept the bail of $25,000 and imposed an additional condition of low-level electronic monitoring. The court also set the matter for a preliminary hearing to take place on July 26, 2018, at 9:00 A.M. In the days that followed, attempts to post bail were rejected by the detention center, apparently because Palafox-Lugo is subject to a "hold" imposed by U.S. Immigration and Customs Enforcement (ICE).[2]

Alleging the Eighth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments as grounds for relief, Palafox asks this court to grant him a writ of habeas corpus that directs respondent, Joseph Lombardo, Sheriff of Clark County, to either show cause why he has failed to comply with the justice court's bail order or release Palafox-Lugo under the terms set forth in the order.

*Abstention Doctrine*

As a general rule, a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. *See, e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980); *Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969). This rule of restraint is separate from the exhaustion doctrine and is ultimately grounded in

---

[2] Palafox-Lugo does not name ICE or any representative of the federal government as a respondent herein.

principles of comity that flow from the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, federal courts may not interfere with pending state criminal proceedings absent extraordinary circumstances. *See Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("Our reading of *Younger v. Harris* convinces us that only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts."); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (a federal court should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary").

Palafox-Lugo claims that there is "no adequate state remedy at this point to challenge the Clark County Detention Center's disobedience of the Las Vegas Justice Court's order." ECF No. 1, p. 5. This court is not convinced, however, that Palafox-Lugo is without recourse in state court. He therefore must show cause why the petition should not be dismissed without prejudice under the *Younger* abstention doctrine.

**IT IS THEREFORE ORDERED** that, within **twenty (20) days** of entry of this order, petitioner shall **show cause** in writing why the petition should not be dismissed without prejudice based upon the *Younger* abstention doctrine.

**IT FURTHER IS ORDERED** that all factual assertions must be specific and supported by competent evidence. If petitioner does not timely and fully respond to this order, or does not show adequate cause as required, the entire petition will be dismissed without further advance notice.[3]

No extension of time will be granted to respond to this order except in the most compelling of circumstances. Nothing in either this court's orders to date or the mere

---

[3] This order does not explicitly or implicitly hold that the petition is otherwise free of deficiencies.

3

pendency of this action in any manner restrains the state courts from proceeding in a pending prosecution.

DATED THIS 27 day of July, 2018.

_____
UNITED STATES DISTRICT JUDGE