UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JESUS PALAFOX-LUGO,<br><br>                      Petitioner,<br>v.<br><br>JOSEPH LOMBARDO,<br><br>                      Respondent. | Case No. 2:18-cv-01294-GMN-VCF<br><br>ORDER |

      This a proceeding under 28 U.S.C. § 2241 in which Petitioner, Jesus Palafox-Lugo, seeks federal habeas relief in relation to his custody at the Clark County Detention Center (CCDC). Specifically, Petitioner alleges that he is being held in violation of his rights under the Eighth Amendment because the CCDC refuses to accept court-ordered bail. On October 10, 2018, this court entered an order directing Respondent to show cause why Petitioner should not be granted habeas relief. ECF No. 6. Respondent has filed a response. ECF No. 6. Petitioner has filed a reply to Respondent's response. ECF Nos. 9/10.

      In his response, Respondent Lombardo claims that he is not a proper party to this proceeding because he is not involved, under Nevada law, with the refusal or acceptance of bail at CCDC. He does not dispute, however, that he is the custodian of

inmates in CCDC. ECF No. 8, p. 2-3. Because Petitioner is currently detained in CCDC, Lombardo is the proper respondent to Petitioner's federal habeas petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]."); *see also* 28 U.S.C. §§ 2242, 2243.

In addition, it appears to this court that Petitioner has a substantial claim that he is currently being held in violation of his constitutional rights. The Excessive Bail Clause of the Eighth Amendment "does not bar the state from detaining arrestees without bail, or from considering interests other than flight prevention in setting bail," but it does "prevent[] the imposition of bail conditions that are excessive in light of the valid interests the state seeks to protect by offering bail." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 660 (9th Cir. 2007) (citing *U.S. v. Salerno*, 481 U.S. 739, 754 (1987)). Also, while an accused does not have an absolute right to bail, he does "a Fourteenth Amendment due process right to have a state's bail system administered without caprice or discrimination." *Kelly v. Springett*, 527 F.2d 1090, 1093 (9th Cir. 1975).

Here, Petitioner has demonstrated that his efforts to post bail as ordered by the state court have been thwarted by the CCDC and/or the Pre-Trial Services Division of the state court. ECF No. 10, p. 4-7. The apparent obstacle is that Petitioner is subject to a detainer imposed by the Department of Homeland Security, Immigration and Customs Enforcement (hereinafter, "ICE hold"). Petitioner was initially denied release for the stated reason that, being subject to an ICE hold, Petitioner could not meet one of his bail conditions – i.e., "lower level electronic monitoring." ECF No. 5-2, p. 30-33; ECF No. 10, p. 6. At a hearing on August 1, 2018, the state district court lifted the electronic monitoring requirement. ECF No. 5-2, p. 48-49. Even so, Petitioner's efforts to post bail in the amount ordered by the court ($25,000) have been unsuccessful. ECF No. 10, p. 6-7.

Not clear to this court is the source of CCDC's and/or Pre-Trial Services' authority, if any, to refuse to accept payment of bail from prisoners subject to an ICE hold. Indeed, the state justice of the peace raised the same concern in addressing Petitioner's request to be released on his own recognizance. ECF No. 5-2, pp. 6. Then, at the bail status hearing, the state district court judge expressed uncertainty as to whether CCDC would release Petitioner notwithstanding his compliance with the court's adjusted bail conditions. *Id.*, p. 47-50.

Under Nevada law, a person arrested for an offense other than murder of the first degree must be admitted to bail. Nev. Rev. Stat. § 178.484. The state court is bestowed with the discretionary power to set bail within statutory and constitutional limits. *See id*; *see also Bergna v. State*, 102 P.3d 549, 551 (Nev. 2004). Here, the state court issued its bail order having been notified of Petitioner's ICE hold. At that point, the CCDS and/or Pre-Trial Services is obligated to comply with the order notwithstanding Petitioner's immigration status. Accordingly, it appears to this court that Petitioner is currently being held in violation of "his right to a bail system administered without caprice."

Even if CCDC has the authority detain federal prisoners, that authority does not permit state agents to ignore or disobey the state court's bail order. The court notes that Petitioner is not seeking relief from the ICE detainer in this proceeding. Rather, he is asking the court to order the Respondent to accept the $25,000 bail and to release him from CCDC custody in relation to the criminal charges against him in the state district court. Petitioner has acknowledged that he is subject to the ICE hold and will likely be taken into federal custody upon his release. ECF No. 5-2, p. 47-48.

Despite the foregoing, this court is not currently prepared to issue an order granting habeas relief. Petitioner has yet to demonstrate that he has exhausted available state court remedies with respect his continuing custody. *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973) (holding that pretrial

detainee in state custody must exhaust available state court remedies for federal court to consider detainee's constitutional claim); *Arevalo v. Hennessy,* 882 F.3d 763, 767 (9th Cir. 2018) (noting that petitioner seeking federal habeas relief with respect to pretrial state detention had "properly exhausted his state remedies as to his bail hearing").

Petitioner is correct that the Ninth Circuit in *Arevalo* held that bail issues distinct from the criminal prosecution are not barred by the *Younger* abstention doctrine[1] and, therefore, the federal court is not barred by *Younger* from granting habeas relief to a state pre-trial detainee deprived of a constitutionally adequate bail process. *Arevalo*, 882 F.3d at 766. The court of appeals took care to point out, however, that Arevalo had properly exhausted his state court remedies, noting that he had "filed two motions with the superior court, a habeas petition with the California Court of Appeal, and a petition for a writ of habeas corpus with the California Supreme Court, each of which was denied." *Id.* at 767.

Petitioner argues that *Arevalo*'s discussion of exhaustion should be considered dicta. ECF No. 4, p. 10. Even so, he points to no controlling authority that permits him to bypass the exhaustion requirement in his case. Instead, he claims that "continued pursuit of state-level remedies would be futile." ECF No. 4, p. 11. In this regard, he notes that he has no desire to challenge the state court's bail rulings, with which he is "very much satisfied." *Id.* Rather, he has opted to proceed in federal court because the state justice court and the state district court have "expressed resignation" over enforcing their bail orders. *Id.*

Without question, Petitioner has additional avenues of state court relief. Nevada statutes provide for both mandamus relief (Nev. Rev. Stat. § 34.150 *et seq.*) and habeas relief (Nev. Rev. Stat. § 34.360 *et seq.*). Moreover, Petitioner may seek recourse in Nevada's appellate courts. As a matter of simple comity, this court is not

---

[1] *Younger v. Harris,* 401 U.S. 37 (1971).

4

inclined to intervene in Clark County's bail procedures prior to giving the Nevada courts an opportunity to redress the apparent violation of Petitioner's constitutional rights. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that the exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights.").

Accordingly, the habeas petition will be dismissed without prejudice for lack of exhaustion. If necessary, Petitioner may renew his application for federal habeas relief upon exhaustion of state court remedies. Given what appears to be the unlawful state detention of the Petitioner, the court urges the involved parties to resolve this matter without requiring Petitioner to engage in additional collateral litigation.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus (ECF No. 1) is DENIED without prejudice for lack of exhaustion. The Clerk of Court shall enter judgment accordingly.

IT IS FURTHER ORDERED that the Clerk shall electronically serve this order on Tina Talim, Deputy District Attorney, Clark County (tina.talim@clarkcountyda.com).

DATED THIS 14 day of September, 2018.

                                            UNITED STATES DISTRICT JUDGE